Todd Wayne SUMMERS,
Plaintiff-Appellant

v.

UNITED STATES FEDERAL BUREAU
OF PRISONS (BOP); Jorge Partidz,
M.D.; Roberto Acosta, HSA; Brian Al-
exander, PA; A. Sinavsky, M.D.; Jane
Doe, MDC Los Angeles; United States
of America, Defendants-Appellees

No. 16-10682
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed June 29, 2017

Todd Wayne Summers, Pro Se

Ann Elizabeth Cruce-Haag, Assistant
U.S. Attorney, U.S. Attorney's Office,
Northern District of Texas, Lubbock, TX,
for Defendants-Appellees

Before KING, DENNIS, and GRAVES,
Circuit Judges.

PER CURIAM: *

Todd Wayne Summers, federal prisoner
# 11515-091, appeals from the order of the
magistrate judge (MJ) denying his motion
for the appointment of counsel to repre-
sent him in his action under the Federal
Tort Claims Act. Summers contends that
the appointment of counsel is warranted
due to the need for expert testimony. He
notes that, in order to prevail on his medi-
cal malpractice claim, he must provide
proof that there was a breach of the stan-

dard of care and that the breach was the
proximate cause of his injury. Summers
asserts that the testimony of an expert
witness will be required to establish his
claim, and he argues that counsel should
be appointed because, due to his indigent
status, he has no means to procure such an
expert.

A trial court is not required to appoint
counsel for an indigent plaintiff in a civil
rights action unless there are exceptional
circumstances. *Ulmer v. Chancellor*, 691
F.2d 209, 212 (5th Cir. 1982). Whether
exceptional circumstances exist is "depen-
dent on the type and complexity of the
case and the abilities of the individual pur-
suing that case." *Cupit v. Jones*, 835 F.2d
82, 86 (5th Cir. 1987). In determining
whether exceptional circumstances exist,
courts consider (1) the type and complexity
of the case; (2) the indigent's ability to
adequately present the case; (3) the indi-
gent's ability to investigate the case ade-
quately; and (4) "whether the evidence will
consist in large part of conflicting testimo-
ny so as to require skill in the presentation
of evidence and in cross examination." *Ul-
mer*, 691 F.2d at 213.

Although medical malpractice claims
may require expert testimony, *see Hannah
v. United States*, 523 F.3d 597, 601 (5th
Cir. 2008), our review shows that Summers
has failed to demonstrate that the MJ
clearly abused his discretion in denying his
motion for the appointment of counsel. *See
Cupit*, 835 F.2d at 86. As the MJ noted, a
district court "has no authority to appoint
an expert witness under [28 U.S.C.
§ 1915]" to assist an indigent plaintiff. *Pe-
draza v. Jones*, 71 F.3d 194, 196 (5th Cir.
1995). Summers, however, on a pro se
basis, may request that the district court
appoint an expert under Federal Rule of
Evidence 706, which "contemplates the ap-

---

pointment of an expert to aid the court." *Hannah*, 523 F.3d at 600; *see Pedraza*, 71 F.3d at 197 n.5.

Further, to the extent that Summers argues that he should be represented by counsel because he does not have the ability to understand trial strategy, nor the ability to effectively cross-examine the defendant's witnesses, he again fails to demonstrate that the MJ's denial of the motion for appointment of counsel was a clear abuse of discretion. *See Cupit*, 835 F.2d at 86. As the MJ determined, Summers has not shown that the evidence will largely consist of conflicting testimony requiring skill in the presentation of evidence and in cross examination. *See Ulmer*, 691 F.2d at 213. Moreover, the record as a whole amply supports the MJ's determination that Summers has demonstrated an ability to adequately present his case. *See id.*

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.